UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE WHITFIELD EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-439-JD-MGG |
| WARDEN, et al., | |
| Defendants. | |

OPINION AND ORDER

Lawrence Whitfield El, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 against Warden Todd Wasmer, the jail records credit time staff, and Lake County maintenance officer. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitfield El alleges that he was assigned to the segregation unit at the Lake County Jail on May 24, 2022. As he entered the unit, he could smell feces. There was feces throughout the unit, including on his cell bars, ceiling, and light fixture. Additionally, the light did not work. When he complained, he was told to file a grievance or "deal with it." ECF 11. Additionally, the shower is surrounded by rust,

mold, and chipped paint. Whitfield El does not indicate how long he was housed under these conditions. He has sued Warden Todd Wasmer and the Lake County maintenance officer, but he does not allege that either were aware of the conditions he complains about. For a defendant to be held individually liable under § 1983, that defendant must have "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Whitfield EL alleges that he complained orally to an officer, but that complaint is not a basis to infer that Warden Wasmer or the maintenance officer were personally involved in creating the conditions or even knew about the conditions in the segregation unit. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Therefore, the complaint does not state a claim based on the condition of the segregation unit.

When Whitfield El complained about the conditions, he was told to submit his grievance electronically. The jail limits inmates to two electronic grievances per month. Whitfield El had already filed two grievances in May, so he claims he could not file another.[1] He believes the limitation on electronic grievances violates his first amendment rights by preventing him from exhausting his administrative remedies. Whitfield El has no constitutional right to access the grievance process. *See Grieveson v.*

---

[1] The court notes that Whitfield El does not explain why he could not file the grievance on June 1, 2022.

2

*Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Finally, Whitfield El complains that his earned credit time was not correctly calculated by jail staff. As a result, he believes his sentence has been fully served. He seeks injunctive relief in the form of an investigation into his credit time and hearing before the sentencing judge. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore, he cannot proceed on his allegations related to the alleged miscalculation of his sentence by jail staff.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Whitfield El may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Lawrence Whitfield El until **December 9, 2022**, to file an amended complaint; and

(2) CAUTIONS Lawrence Whitfield El if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 7, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT